JS - 6   **O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3357 PSG (AJWx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 200 *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Dismissing Case for Lack of Subject Matter Jurisdiction**

I.   <u>Background</u>

On May 5, 2010, Plaintiff Jacqueline Hollander ("Plaintiff") filed this suit for declaratory judgment and an accounting against Defendants The Irrevocable Trust Established by James Brown in August 1, 2000 (the "Trust"); Russell Bauknight, in his individual capacity and as trustee of the Trust; the Estate of James Brown (the "Estate"); UMG Recording, Inc., erroneously sued as Universal Music Group, Inc.; and Warner/Chappell Music, Inc.  Plaintiff alleges that, as a result of a previous partnership with deceased entertainer James Brown, she has an ownership interest in Trust assets that are to be distributed to Brown's heirs and others under a settlement agreement approved by a South Carolina state court.

On June 9, 2010, the Court issued an Order to Show Cause ("OSC"), indicating that "it appears that the Court may lack jurisdiction over this case under the 'probate exception' to federal subject matter jurisdiction.  *See Marshall v. Marshall,* 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006)."  *See* Dkt # 34 at p. 3.  The OSC directed Plaintiff to address this apparent defect in writing by June 30, 2010 and stated that failure to do so would result in dismissal of the action.  *See id.* at 4.  On June 30, 2010, Plaintiff filed her response to the OSC.

II.   <u>Discussion</u>

The probate exception is a jurisdictional limitation on federal courts that "reserves to state

JS - 6   **O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3357 PSG (AJWx) | Date | July 7, 2010 |
|----------|----------------------|------|--------------|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 200 *et al.* | | |

probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *See Marshall,* 547 U.S. at 311-12. A federal court may, however, "exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *See Markham v. Allen,* 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed. 256 (1946). Thus, a federal court may adjudicate rights regarding property that is the subject of a probate proceeding so long as the relief sought would not require the federal court "to assert control over property that remains under the control of the state courts." *See Lefkowitz v. Bank of N.Y.,* 528 F.3d 102, 107 (2d Cir. 2007) (holding that federal district court properly dismissed claims under probate exception where plaintiff sought "to mask in claims for federal relief her complaints about the maladministration of her [parents'] estates").

Here, the relationship between the Estate and the Trust and claims of various parties upon both have been the subject of probate proceedings in South Carolina state court (the "state court") since the death of Mr. Brown in 2006. *See Cmplt ¶¶* 14-17.[1] On May 26, 2009, the state court exercised its authority under South Carolina's probate code to approve a settlement agreement among the interested parties to those proceedings. *See Cmplt ¶* 15; *Amended Application for TRO,* Ex. A. ("Order Approving Settlement Agreement") at pp. 18, 23. In doing so, according to Plaintiff, the state court determined that the Trust "would be dissolved and fifty percent (50%) of the [T]rust assets would be distributed to claimants of the James Brown estate and fifty percent (50%) of the [T]rust assets would be transferred to a new trust and administered by Brown's heirs." *Cmplt ¶* 16. Plaintiff alleges that the state court refused to recognize her purported interest in the assets at issue, despite having notice of her claims. *See Cmplt ¶¶* 15-16. At the time the present action was filed in this Court, appeals in the state court proceedings had delayed execution of the court-approved agreement, so that the state court had not yet begun to

---

[1]James Brown's will was filed in the Aiken County (South Carolina) Probate Court on January 18, 2007. *See Amended Application for TRO,* Ex. A at p. 2. On January 26, 2007, the Probate Court removed the matter to the Aiken County Court of Common Pleas. *See id.* at p. 4. From that time forward, the Probate Court continued to remove all matters in the Estate to the Court of Common Pleas. *See id.* Thus, it is the Aiken County Court of Common Pleas that has conducted the probate proceedings concerning the Trust and the Estate. *See Cmplt ¶¶* 3, 14.

JS - 6   **O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3357 PSG (AJWx) | Date | July 7, 2010 |
|----------|-----------------------|------|--------------|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 200 *et al.* | | |

distribute the assets as provided for by the agreement.[2] *Cmplt* ¶ 17.

      It is clear from Plaintiff's complaint that she seeks by this action to interfere with the foregoing state court proceedings, in particular with that court's distribution of assets pursuant to the terms of the settlement agreement it approved. Plaintiff asks this Court to order, for example, that "any monies removed from the [T]rust by the Court of South Carolina be returned to the [T]rust for accounting," *see Cmplt* at p. 10, and that, notwithstanding the state court's rejection of Plaintiff's claims and its approval of the terms of the settlement agreement, "all present and future assets in the Irrevocable Trust of James Brown be awarded to Plaintiff," *see Cmplt* at p. 11. To grant this relief, however, the Court would have to assert control over property that is the subject of state probate proceedings, which the probate exception prohibits. *See Lefkowitz,* 528 F.3d at 107; *Gustafson v. Zumbrunnen,* 546 F.3d 398, 400 (7th Cir. 2008) (indicating that the probate exception is implicated where the judgment sought would "reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate"). No authority or argument offered by Plaintiff compels a different result. The Court therefore dismisses this action for lack of subject matter jurisdiction.

III.    <u>Conclusion</u>

      For the foregoing reasons, the Court finds Plaintiff's response to the Court's June 9, 2010 OSC to be insufficient. The Court dismisses this action without prejudice.

      **IT IS SO ORDERED.**

---

    [2]The complaint alleges that the state court was to "hold a hearing on March 20, 2010 or sooner to begin release of the assets from the [T]rust to the benefit of the parties included in the Settlement Agreement." *Cmplt* ¶ 17. On May 18, 2010, Plaintiff filed an Amended Application for TRO in which she represented that the state court was expected on May 20, 2010 to permit commencement of distribution of assets under the terms of the agreement. It is not clear to the Court whether any of this has in fact taken place.